## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
GREGORY YASHGUR, on Behalf of Himself          :   Case No: 07-CV-10569 (JSR)
and a Class of Persons Similarly Situated,     :
                                               :
              Plaintiff,                       :
                                               :
                                               :
     v.                                        :
                                               :
MERRILL LYNCH & CO., INC.,                     :
ADMINISTRATIVE COMMITTEE OF THE                :
MERRILL LYNCH & CO., INC. 401(K) SAVING        :
AND INVESTMENT PLAN, LOUIS DIMARIA;            :
STAN O'NEAL; ALBERTO CRIBIORE; CAROL           :
T. CHRIST; ARMANDO M. CODINA; VIRGIS           :
W. COLBERT; JOHN D. FINNEGAN; JUDITH           :
MAYHEW JONAS; AULANA L. PETERS;                :
JOSEPH W. PRUEHER; ANN N. REESE; AND           :
CHARLES O. ROSSOTTI , and JOHN DOES            :
1-30,                                          :
                                               :
              Defendants.                      :
                                               :
-------------------------------------------------------------X
```

```
-----------------------------------------------------------X
ELIZABETH ESTEY, individually and on behalf    :   Case No: 07-CV-10268 (LBS)
of all others similarly situated,              :
                                               :
                                               :
               Plaintiff,                      :
       v.                                      :
                                               :
MERRILL LYNCH & CO., INC.; MERRILL             :
LYNCH & CO., INC. PLAN "INVESTMENT             :
COMMITTEE," MERRILL LYNCH & CO., INC.          :
PLAN ADMINISTRATIVE COMMITTEE,                 :
MERRILL LYNCH  & CO. INC.                      :
MANAGEMENT DEVELOPMENT AND                     :
COMPENSATION COMMITTEE, LOUIS                  :
DIMARIA, E. STANLEY O'NEAL, ALBERTO            :
CRIBIORE, ARMANDO M. CODINA, VIRGIS            :
W. COLBERT, JOHN D. FINNEGAN, AULANA           :
L. PETERS and JOHN DOES 1-10,                  :
                                               :
               Defendants.                     :
                                               :
-----------------------------------------------------------X
MARY GIDARO, individually and on behalf of     :   Case No: 07-CV-10273 (LBS)
all others similarly situated,                 :
                                               :
                                               :
               Plaintiff,                      :
       v.                                      :
                                               :
MERRILL LYNCH & CO., INC.; STAN O'NEAL;        :
LOU DIMARIA, INVESTMENT COMMITTEE              :
OF THE MERRILL LYNCH SAVINGS AND               :
INVESTMENT PLAN; ADMINISTRATIVE                :
COMMITTEE OF THE MERRILL LYNCH                 :
SAVINGS AND INVESTMENT PLAN; and               :
JOHN DOS 1-30,                                 :
                                               :
               Defendants.                     :
                                               :
-----------------------------------------------------------X
```

2

```
------------------------------------------------------------X
TARA MOORE, individually and on behalf of      :   Case No: 07-CV-10398 (DC)
all others similarly situated,                 :
                                               :
                                               :
                Plaintiff,                     :
    v.                                         :
                                               :
MERRILL LYNCH & CO., INC.; MERRILL             :
LYNCH & CO., INC. PLAN "INVESTMENT             :
COMMITTEE," MERRILL LYNCH & CO., INC.          :
PLAN ADMINISTRATIVE COMMITTEE,                 :
MERRILL LYNCH  & CO. INC.                      :
MANAGEMENT DEVELOPMENT AND                     :
COMPENSATION COMMITTEE, LOUIS                  :
DIMARIA, E. STANLEY O'NEAL, ALBERTO            :
CRIBIORE, ARMANDO M. CODINA, VIRGIS            :
W. COLBERT, JOHN D. FINNEGAN, AULANA           :
L. PETERS and JOHN DOES 1-10,                  :
                                               :
                Defendants.                    :
                                               :
------------------------------------------------------------X
```

```
-----------------------------------------------------------------X
CHRISTINE DONLON, individually and on behalf   :   Case No: 07-CV-10661 (CM)
Of all others similarly situated,              :
                                               :
            Plaintiff,                         :
                                               :
     v.                                        :
                                               :
MERRILL LYNCH & CO., INC., E. STANLEY          :
O'NEAL, CAROL T. CHRIST, ARMANDO M.            :
CODINA, VIRGIS W. COLBERT, JILL K.             :
CONWAY, ALBERTO CRIBIORE, LOUIS                :
DIMARIA, JOHN D. FINNEGAN, JUDITH              :
MAYHEW JONAS, AULANA L. PETERS,                :
JOSEPH W. PRUEHER, ANN N. REESE,               :
CHARLES O. ROSSOTTI, JOHN DOES 1-20            :
(BEING CURRENT AND FORMER MEMBERS              :
OF THE BENEFITS ADMINISTRATION                 :
COMMITTEE OF THE MERRILL LYNCH &               :
CO. INC. EMPLOYEE STOCK OWNERSHIP              :
PLAN) AND JOHN DOES 21-40 (BEING               :
CURRENT AND FORMER MEMBERS OF                  :
THE INVESTMENT COMMITTEE OF THE                :
MERRILL LYNCH &CO., INC. EMPLOYEE              :
STOCK OWNERSHIP PLAN),                         :
                                               :
            Defendants.                        :
                                               :
-----------------------------------------------------------------X
```

4

```
-----------------------------------------------------------X
CARL ESPOSITO, on Behalf of Himself           :   Case No: 07-CV-10687 (JGK)
and a Class of Persons Similarly Situated,    :
                                              :
                Plaintiff,                    :
                                              :
     v.                                       :
                                              :
MERRILL LYNCH & CO., INC.,  E. STANLEY        :
O'NEAL, CAROL T. CHRIST, ARMANDO M.           :
CODINA, VIRGIS W. COLBERT, JILL K.            :
CONWAY, ALBERTO CRIBORE, JOHN D.              :
FINNEGAN, JUDITH MAYHEW JONAS,                :
DAVID K. NEWBIGGING, AULANA L.                :
PETERS, JOSEPH W. PRUEHER, ANN N.             :
REESE, CHARLES O. ROSSOTTI, LOUIS             :
DIMARIA, PETER STINGI and JOHN AND            :
JANE DOES 1-20,                               :
                                              :
                Defendants.                   :
                                              :
-----------------------------------------------------------X
```

| | |
|---|---|
| ---------------------------------------------------------------X | |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated, : : : : | Case No: 07-CV-10710 (GEL) |
| Plaintiff, : : | |
| v. : : | |
| MERRILL LYNCH & CO., INC.; MERRILL LYNCH & CO., INC. INVESTMENT COMMITTEE, MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE OF THE MERRILL LYNCH & CO., INC. BOARD OF DIRECTORS, THE MERRILL LYNCH TRUST COMPANY, FBS, ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401K SAVINGS AND INVESTMENT PLAN, LOUIS DIMARIA, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, AULANA L. PETERS, and JOHN DOES 1-40, : : : : : : : : : : : : : : : | |
| Defendants. : : | |
| ---------------------------------------------------------------X | |
| BARBARA BOLAND AND ANNA MOLIN, individually and on behalf of all others similarly situated, : : : : | Case No: 07-CV-11054 (MGC) |
| Plaintiff, : : | |
| v. : : | |
| MERRILL LYNCH & CO., INC.; E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, : : : : : : : : : : : | |
| Defendants. : : | |
| ---------------------------------------------------------------X | |

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF GREGORY YASHGUR'S MOTION FOR CONSOLIDATION
OF ALL RELATED ERISA ACTIONS AND FOR APPOINTMENT
<u>OF A LEAD PLAINTIFF AND INTERIM LEAD COUNSEL</u>**

Gregory Yashgur ("Yashgur" or "Movant"), plaintiff in *Yashgur v. Merrill Lynch & Co., Inc., et al.*, 07-CV-10569 (JSR) (the "Yashgur Action"), respectfully submits this memorandum in support of his motion for an Order: (i) consolidating the several related Merrill Lynch ERISA class actions which have been filed in this district into one action; (ii) appointing him as the lead plaintiff in the consolidated action on behalf of a proposed class of participants and beneficiaries (the "Participants") of the of the Merrill Lynch & Co., Inc. 401(k) Savings & Investment Plan (hereinafter referred to as the "Plan"); (iii) appointing his counsel, Stull, Stull & Brody ("SSB"), as interim lead counsel for the proposed class pursuant to Fed. R. Civ. P. 23(g), and; (iv) entering the proposed order filed herewith.

I.      **<u>INTRODUCTION</u>**

Defendant Merrill Lynch & Co., Inc. (hereinafter "Merrill Lynch" or the "Company") is a holding company that provides investment, financing, insurance and related services to individuals and institutions on a global basis through its broker, dealer, banking, insurance and other financial services subsidiaries.

Approximately eight class actions have been filed in this district relating to allegedly inappropriate subprime lending practices at the Company and a resulting impact on Merrill Lynch's 401(k) plan. Each of the complaints in the related cases alleges, in substance, that (1) the Company was more exposed to Collateralized Debt Obligations ("CDOs") containing subprime debt than it disclosed and (2) that the Company's public and financial statements were materially false due to their failure to inform Participants of the ticking time bomb in the Company's CDO portfolio resulting from the deteriorating subprime mortgage market. These

practices allegedly caused Merrill Lynch's investment portfolio to be materially impaired. See, e.g., Yashgur Complaint at ¶ 39. The Company's practices also allegedly constituted gross financial mismanagement which has caused large financial losses to the Company, and as a result participants of the Plan have been deprived of a substantial amount of their retirement savings. *Id.*

Pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3), Yashgur, who was a Participant in the Plan during times relevant herein and remains a Plan participant, seeks plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan for whose individual accounts the Plan held shares of common stock of Merrill Lynch at any time from December 31, 2006 to the present. As alleged in the Yashgur Complaint, Defendants allegedly breached their fiduciary duties to the Participants, including those fiduciary duties set forth in ERISA § 404, 29 U.S.C. § 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550, in various ways, including, but not limited to: (i) misrepresenting and failing to disclose material facts to the Participants in connection with the administration of the Plan; (ii) failing to exercise their fiduciary duties solely in the interests of the Participants for the exclusive purpose of providing benefits to Participants and their beneficiaries; (iii) failing to manage the Plan's assets with the care, skill, prudence or diligence of a prudent person under the circumstances; (iv) imprudently failing to diversify the investments in the Plan so as to minimize the risk of large losses; and (v) permitting the Participants to continue to elect to invest their retirement monies in Merrill Lynch common stock when the market price of Merrill Lynch common stock was artificially inflated, when it was imprudent to do so, and when the Participants were not provided with timely, accurate and complete information concerning the Company as required by applicable law.

As a result of their wrongful acts, all fiduciaries of the Plan, including the Company, are personally liable to make good to the Plan the losses resulting from each such breach of fiduciary duty.  See ERISA § 409(a), 29 U.S.C. § 1109(a).

## II.    ARGUMENT

Given the substantial similarity of the parties and claims in the Merrill Lynch ERISA Actions, Movant submits this motion pursuant to the Manual for Complex Litigation-Fourth (2005) (the "Manual"): (i) requesting consolidation of the related actions; (ii) establishing efficient procedures for the filing and docketing of papers; (iii) appointing a lead plaintiff; (iv) appointing interim lead counsel; and (v) eliminating wasteful and duplicative procedures that would result from the failure to consolidate the related actions and appoint one plaintiff and one firm with the responsibility to ensure that this action will be properly litigated.  Entry of the proposed order filed herewith will accomplish these goals.

### A.    The Related Merrill Lynch ERISA Actions Which Are Pending in this District Should Be Consolidated

Pursuant Fed. R. Civ. P. 42(a), "[w]hen actions involving a common question of law or fact are pending before the Court it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays."  Fed. R. Civ. P. 42(a).  Movant respectfully submits that consolidation of the following actions (collectively referred to herein as the "Merrill Lynch ERISA Actions") is both necessary and prudent pursuant to Fed. R. Civ. P. 42(a):

- *Estey v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10268 (LBS)
- *Gidaro v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10273 (LBS)
- *Moore v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10398 (DC)
- *Yashgur v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10569 (JSR)
- *Donlon v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10661 (CM)
- *Esposito v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10687 (JGK)

- *Shaughnessey v. Merrill Lynch & Co., Inc., et al.*, No. 07-CV-10710 (GEL)
- *Boland et al v. Merrill Lynch & Co, Inc et al,* No. 07-CV-11054 (MGC)

Each of the Merrill Lynch ERISA Actions presents common questions of law and fact, including whether the fiduciaries of the Plans breached their fiduciary duties to Plaintiff and other plan participants in violation of ERISA. Consolidation of the Merrill Lynch ERISA Actions will expedite pretrial proceedings and reduce duplicative efforts. Moreover, consolidation will streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally reduce the waste, confusion, and delay that would inevitably arise from prosecuting related actions separately.

### B.   Orderly Procedures for Captioning and Filing Documents

In addition to directing consolidation, the proposed order filed herewith establishes organized procedures for the captioning, filing, and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation. *See* Manual §11.12.

### C.   Proposed Lead Plaintiff

Unlike securities fraud class actions governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78(u)-4(a)(3)(B)(iii)(I), in an ERISA class action the Court is not required to designate a lead plaintiff prior to class certification. *See, e.g.*, Fed. R. Civ. P. 23.[1]

---

[1] The Manual focuses on the designation of lead counsel rather than lead plaintiffs at this stage of litigation, and accordingly, there is no provision for appointment of lead plaintiffs prior to class certification. See Manual §10.22. *See also Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). However, Fed. R. Civ. P. 23, particularly Rule 23(d), authorizes the Court presiding over one or more related class actions to enter appropriate orders in the conduct of the actions to promote efficiency and to protect the members of the proposed class.

However, many Courts have found it appropriate to appoint one or more lead plaintiffs prior to class certification. *See*, *e.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005).

Proposed lead plaintiff Gregory Yashgur was invested in Merrill Lynch stock through his participation in the Plan. As a result of his participation, his investments have been impaired by the failure of the Plan's fiduciaries to do what was necessary under the law to protect the Plan. Mr. Yashgur is well-qualified to serve as the lead plaintiff in the consolidated case because his Plan account lost of tens of thousands of dollars as a result of holding Merrill Lynch common stock in his 401(k) account. Plaintiff Yasgur's losses in his 401(k) account provide him with the requisite stake to vigorously prosecute the consolidated action both to protect his own financial interests to represent those of similarly-situated participants. Mr. Yashgur understands that he will be representing the interests of all of the Plan participants who suffered similar losses during the Class Period and he takes these responsibilities seriously.

### D.    Proposed Interim Lead Counsel

Rule 23(g) of the Federal Rules of Civil Procedure directs that the court appoint class counsel upon certification of a class and permits appointment of interim counsel for the putative class prior to class certification. Fed. R. Civ. P. 23(g)(2)(A).

"Because of the large number of parties in this ERISA action, efficient management of the action mandates the selection of lead counsel and liaison counsel." *Cardinal Health*, 225 F.R.D. at 554, *citing* Howard B. Newberg and Alba Conte, *Newberg on Class Actions* § 9.31, at 9-82 (3d ed. 1992). In appointing such counsel, the Manual provides that interim lead counsel and interim liaison counsel shall be responsible for the following respective responsibilities:

> Lead counsel: Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the

>   group – either personally or by coordinating the efforts of others – in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing expense arranging for support services, and seeing that schedules are met.
>
>   Liaison counsel: Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court . . . .

Manual §10.221.

Yahgur's counsel, Stull, Stull & Brody, has extensive ERISA class action experience in the Second Circuit, and, indeed, throughout the country. For example, Stull, Stull & Brody served as co-lead counsel for the ERISA class in *In re AOL Time Warner ERISA Litigation (Grant v. AOL Time Warner, Inc.,* 2003 U.S. Dist. LEXIS 16895, No. 02 CV 8853, MDL Docket No. 1500 (S.D.N.Y. 2003))*, where a $100 million settlement was obtained and approved as fair by Judge Kram of this District. *See also* the accompanying Declaration of Edwin J. Mills. Among the recent similar appointments of Stull, Stull & Brody in similar actions are *In re: Cardinal Health ERISA Litigation*, 225 F.R.D. 552 (S.D. Ohio 2005) (recently settled for $40 million); *Overby v. Tyco Int'l Ltd.,* No. 2-CV-1357-B (D.N.H. Dec. 20, 2002); *In re AEP ERISA Litig.,* No. C2-03-67 (S.D. Ohio July 8, 2003); and *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005). As recognized by the Court in *In re Cardinal Health, Inc. ERISA Litig.*:

>   Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able

> to represent fairly and adequately the class because of their extensive experience in ERISA litigation. In re Terazosin Hydrochloride, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

*Cardinal Health*, 225 F.R.D. at 555 (emphasis added).

As a result of Stull, Stull & Brody's experience in similar class action litigations involving alleged breaches of fiduciary duty affecting 401(k) retirement plans Movant respectfully requests the Court appoint Stull, Stull & Brody as interim lead counsel for the Class.

### III. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court consolidate the Merrill Lynch ERISA Actions, appoint him lead plaintiff and appoint his counsel, Stull, Stull & Brody, interim lead counsel.

Dated: December 21, 2007

STULL, STULL & BRODY

By: s/ Edwin J. Mills
Edwin J. Mills (EM-7117)
Howard T. Longman (HL-2489)
Michael J. Klein (MK-8187)
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**Counsel for Plaintiff Gregory Yashgur and Proposed Interim Lead Counsel for the Class**